A01A1529. NICHOLAS v. VAN et al.
(556 SE2d 497)

Smith, Presiding Judge.

Anthony Nicholas brought this action against the City of Griffin and David and Vicki Van. The city was granted summary judgment on the ground that Nicholas failed to give proper ante litem notice of his claim within the six-month period prescribed by OCGA § 36-33-5 (b). We agree that the claim was barred for failure to provide timely notice. But because the proper vehicle for disposing of the claim against the city was dismissal, we vacate the trial court's judgment and remand this case to the trial court with direction that the court dismiss the claim against the city.

The facts are largely undisputed. In September 1996, Nicholas sold a tract of commercial property, which was contiguous to his own

remaining property, to David and Vicki Van.[1] The Vans were also granted an easement of ingress and egress, and both parties reserved certain rights to develop their respective properties. On July 30, 1997, the Vans submitted a development plan to the city, which was approved October 27, 1997. Nicholas first saw the plan on February 17, 1998. On August 13, 1998, ante litem notice was delivered to the city on Nicholas's behalf. The letter recited that the city relied on the Vans' "misinterpretation" of the easement, which caused access and parking problems related to Nicholas's property. The letter went on to notify the city of Nicholas's claim that the city was negligent in approving the Vans' development plan and stated the monetary damages suffered by Nicholas at that time.[2] In January 1999, Nicholas filed this action against the Vans and the city, alleging among other things that the city's approval of the development plan without consultation with Nicholas had deprived him of the use and enjoyment of his property and constituted a taking without just and adequate compensation. He further alleged that the city's actions "had the effect of nullifying the agreement between" Nicholas and the Vans.

On motion for summary judgment filed by the city, the trial court concluded that Nicholas presented his claim against the city outside the six-month notice requirement of OCGA § 36-33-5 (b) and that the claim was therefore barred. We agree.

Under OCGA § 36-33-5 (b), any person having a claim for money damages against a city arising out of injuries to person or property is required to present a claim, in writing, stating the time, place, extent of injury, and the negligence that caused the injury. The claim must be made within six months of the occurrence of the event giving rise to it. Id. This time requirement is a statute of limitation, *Schaefer v. Mayor &c. of Athens*, 120 Ga. App. 301-302 (1) (170 SE2d 339) (1969), and the giving of notice "in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. [Cit.]" *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287) (1985). The time period within which notice must be given begins to run on the day the city's breach of duty allegedly occurred. *Schaefer*, supra at 302 (2).

It is undisputed that the city approved the Vans' development plan on October 27, 1997, and it was this act that constituted the basis of Nicholas's action against the city. The statutory six-month time period within which he was required to provide notice to the city therefore began on that date and expired April 27, 1998. Although

---

[1] It appears that Nicholas's chiropractic clinic was situated on his property, while the tract sold to the Vans was to be used to accommodate the expansion of their medical facility.

[2] It also appears that approximately one month before delivery of the ante litem notice to the city, a letter was sent to the city building inspector on behalf of Nicholas, which discussed issues related to parking spaces on the Vans' property.

Nicholas saw the development plan in February 1998, well within the six-month period, the required notice was not delivered to the city until August 13, 1998. Consequently, the trial court correctly concluded that his action against the city is barred.

Nicholas argues that the development plan was approved only after the Vans acquired another parcel, apparently along the north side of their property, to accommodate extra parking spaces and that pedestrian access to the Vans' property from these spaces was across his property. He complains that he was not notified of the Vans' application for development and that the city did not consult with him regarding the development plan before its approval. Based on these facts, Nicholas argues that the six-month notice period was tolled until he became aware of the plan on February 17, 1998.

Nicholas relies heavily on OCGA § 9-3-96 in support of this argument. That section provides that if a defendant is guilty of a fraud that deters a plaintiff from bringing suit, the relevant limitation period shall run from the time of the discovery of the fraud. Nowhere does Nicholas contend that the city was guilty of fraud, and in fact, he acknowledges that "there is no evidence . . . that the city intentionally concealed the approval of the plan." He maintains, however, that a confidential relationship between him and the city existed, "which imposed upon the city a duty to disclose to him the submission of the plan and its subsequent approval." He cites little authority other than OCGA § 9-3-96 for this proposition, and we have found no authority imposing such a duty. Also, in addition to showing that a defendant committed actual fraud that concealed the cause of action, a plaintiff must show under this section that he or she exercised "reasonable diligence in discovering his cause of action despite his failure to do so within the time of the applicable statute of limitations. [Cits.]" *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980). Here, Nicholas discovered the city's alleged wrongdoing *within* the applicable limitation period and has not shown why he failed to notify the city of his claim within the two months remaining between the time he saw the development plan and the expiration of the limitation period. And he has offered no evidence that he was laboring under any disability that prevented him from discovering the city's alleged negligence, in which case the limitation period would have been tolled until the disability was removed. See, e.g., *City of Barnesville v. Powell*, 124 Ga. App. 132, 133 (183 SE2d 55) (1971).

Nicholas compares this case to a real estate transaction in which a seller fails to disclose latent defects to a buyer, defects that were undiscoverable upon a reasonable examination. See *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 76 (441 SE2d 421) (1994). He further notes that his theory concerning the tolling of the limitation period is similar to that recognized by the legislature when it enacted

OCGA § 9-3-72 concerning foreign objects left in the body. That section allows for actions to be brought within one year after discovery of the negligent or wrongful act or omission. We find no merit in Nicholas's arguments. Nothing in the record suggests that any public record was concealed from Nicholas or that any alleged negligence was undiscoverable upon a reasonable inquiry. Finally, we find no merit in Nicholas's contention that this court should, at the very least, "apply the equitable bar of OCGA § 9-3-3 to prevent manifest injustice and allow Nicholas to proceed with his claim against the city." That section allows courts of equity to "interpose an equitable bar whenever, from the lapse of time and laches of the *complainant*, it would be inequitable to allow a party to enforce his legal rights." (Emphasis supplied.) OCGA § 9-3-3. Nicholas obviously is the complainant in this case and cannot take advantage of this provision. See *Steele v. City of Waycross*, 190 Ga. 816, 822-823 (3) (10 SE2d 867) (1940). Even if the provision were applicable, Nicholas has not shown why *he* was not guilty of laches in failing to notify the city of his claim within the six-month limitation period even though he was aware of the claim within that period. The trial court correctly concluded that Nicholas could not maintain his action against the city under the clear language of OCGA § 36-33-5 (b).

We note that the appropriate vehicle for disposing of the claim is dismissal of the complaint against the city. "In cases where the merits [cannot be] reached because of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion." *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653) (1983). We therefore vacate the judgment of the trial court and remand this case for entry of an order dismissing the city.

*Judgment vacated and case remanded with direction. Barnes and Phipps, JJ., concur.*

DECIDED NOVEMBER 13, 2001 — 

*Jack L. Park, Jr.*, for appellant.
*Richard L. Collier, Laurel E. Henderson*, for appellees.