DECIDED OCTOBER 8, 2002 —<br>RECONSIDERATION DENIED NOVEMBER 12, 2002 

*Freed & Berman, Robert H. McKnight, Jr.*, for appellant.
*Buzzell, Graham & Welsh, Neal B. Graham, Timothy K. Hall*, for appellee.

### A02A2069. CITY OF FORSYTH v. BELL et al.
(574 SE2d 331)

PHIPPS, Judge.

Jeffrey Bell and other individuals who had been incarcerated at the Al Burrus Correctional Training Center sued the City of Forsyth, as well as the correctional center and its warden, because of their exposure to certain hazardous substances while removing floors, walls, and other materials from a city building. The city moved to dismiss, contending that plaintiffs failed to provide it with timely ante litem notice as required by OCGA § 36-33-5. The trial court denied

---

[17] See id.

the motion. We granted the city's application for interlocutory appeal. Finding no error, we affirm.

From January 29, 1997, until July 23, 1997, plaintiffs were assigned to a work detail in which they tore down the interior of the Wellington Building for the City of Forsyth and hauled the debris to a landfill. They claim that during the course of this work they were exposed to airborne asbestos, asbestos-related insulation materials, and lead paint, putting them at risk for developing lung cancer and other related diseases. They complain that the city knew of the building's dangerous condition and failed to warn them of it. They discovered their exposure to the hazardous substances in December 1999 or January 2000, when they were notified by their attorney. By letter dated April 4, 2000, they provided ante litem notice of their claim to the city.

"Under OCGA § 36-33-5 (b), any person having a claim for money damages against a city arising out of injuries to person or property is required to present a claim, in writing, stating the time, place, extent of injury, and the negligence that caused the injury."[1] The claim must be made "[w]ithin six months of the happening of the event upon which [the] claim . . . is predicated."[2] "This time requirement is a statute of limitation, [cit.], and the giving of notice 'in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. (Cit.)' [Cit.]"[3]

In *Nicholas v. Van*, we held that "[t]he time period within which notice must be given begins to run on the day the city's breach of duty allegedly occurred. [Cit.]"[4] As recognized in *Bishop v. Farhat*,[5] however, failure to warn of a hazard capable of producing an injury due to continued exposure constitutes a continuing tort. The tortfeasor is, therefore, charged with a continuing breach of duty. Consequently, it has been held that the statute of limitation does not begin to run until the victim is warned of the danger, discovers it, or should in the exercise of ordinary care have otherwise learned of it.[6] The doctrine of continuing tort applies here.

Because plaintiffs provided the City of Forsyth with ante litem notice of their claim within six months after discovering their exposure to the hazard of which they complain, the trial court did not err in denying the city's motion to dismiss.

---

[1] *Nicholas v. Van*, 252 Ga. App. 411, 412 (556 SE2d 497) (2001).

[2] OCGA § 36-33-5 (b).

[3] *Nicholas v. Van*, supra.

[4] Id. Although *Nicholas* held that the time period begins to run from the city's breach of duty, *Nicholas* repeatedly recognized that the plaintiff was aware of the breach of duty within the six-month time frame for providing ante litem notice.

[5] 227 Ga. App. 201, 203 (3) (489 SE2d 323) (1997).

[6] Id.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 15, 2002 —
RECONSIDERATION DENIED NOVEMBER 12, 2002 ▮

*Haygood, Lynch, Harris, Melton & Watson, C. Robert Melton*, for appellant.
*Margrett A. Skinner*, for appellees.