## A11A0583. CITY OF ASHBURN v. IVIE MINI WAREHOUSES, INC.
### (707 SE2d 541)

BLACKWELL, Judge.

Ivie Mini Warehouses, Inc. owns a building in the City of Ashburn, and this building was damaged when a brick wall, which stood on an adjacent parcel of land, collapsed. Ivie sued the owners of the land on which the brick wall had stood, and in the course of discovery, Ivie learned that the City may have prevented the removal of the wall several months before its collapse.[1] Ivie then added the City as a defendant, claiming that the City was negligent when it prevented the removal of the wall. The City moved for summary judgment because, the City said, Ivie failed to give timely ante litem notice of its claim against the City. The trial court denied this motion, and we allowed immediate review. We conclude that the City was entitled to summary judgment because Ivie did, in fact, fail to give timely ante litem notice of its claim, and for this reason, we reverse the judgment below.

Viewed in the light most favorable to Ivie,[2] Richard and Dottie

---

[1] The City denies that it prevented the removal of the wall, but we will accept for the purposes of this appeal that it did.

[2] On appeal from the denial of a motion for summary judgment, we review the evidence in the record in the light most favorable to the nonmoving party. *GC Quality Lubricants v. Doherty, Duggan & Rouse Insurors*, 304 Ga. App. 767, 767 (697 SE2d 871) (2010).

Weaver owned a parcel of land on which a 33-foot-high brick wall had been erected, and Ivie owned an adjacent parcel of land, on which it maintained a building. On December 15, 2007, the wall collapsed and damaged the neighboring building. Ivie sued the Weavers, and while conducting discovery, Ivie learned in July 2008 that the City may have taken steps in May or June 2007 to prevent the Weavers from removing the wall. On July 25, 2008, Ivie sent a letter to the City, in which it gave notice that it had a claim against the City for damages.

Ivie later amended its complaint and added the City as a defendant. The City moved for summary judgment, contending that Ivie had failed to give the required ante litem notice of its claim within the time permitted by law. The trial court, however, concluded that the time in which ante litem notice must be given did not commence in this case until Ivie learned of the role that the City played in preventing the removal of the wall, and for this reason, the trial court said, the ante litem notice was timely. Accordingly, the trial court denied the motion for summary judgment. The City sought immediate review in this Court, which we allowed, and this appeal followed.

The giving of ante litem notice is a prerequisite to filing a lawsuit against a municipality. *Davis v. City of Forsyth*, 275 Ga. App. 747 (1) (621 SE2d 495) (2005). Notice of a claim for damages arising from an injury to person or property must be given "[w]ithin six months of the happening of the event upon which [the] claim against a municipal corporation is predicated." OCGA § 36-33-5 (b). It is undisputed that, to the extent the City did anything to prevent the removal of the wall, it did so in May or June 2007, and it is undisputed that the wall collapsed and damaged the building in December 2007. The City says that the six-month period in which Ivie could have given timely notice of its claim began to run, at the latest, in December 2007. Because it is undisputed that Ivie did not give notice until July 2008, the City contends that the notice was untimely. We agree.

The "event" upon which the claim against the City is predicated was the collapse of the wall, and the "happening of the event" occurred on December 15, 2007. No one disputes that the building was damaged on this date and that Ivie knew almost immediately of the damage to its building. In light of these facts, we think that Ivie was required to give ante litem notice of its claim against the City within six months of December 15, 2007. It did not, and for this reason, its claim against the City is barred by OCGA § 36-33-5.

When it denied the motion for summary judgment, the trial court relied on our decision in *City of Forsyth v. Bell*, 258 Ga. App. 331 (574 SE2d 331) (2002), and Ivie urges on appeal that its notice was timely under *Bell*. We do not agree. In *Bell*, several inmates were

assigned to a work detail and tasked with removing debris from a building to a landfill. More than two years after doing this work, the inmates learned that it had exposed them to asbestos, and they promptly gave notice of a claim to the municipality for which they had done the work. The inmates later sued the municipality, contending that it should have warned them of the hazard, and on appeal, we held that the inmates' ante litem notice was timely. We explained that a failure to warn of a hazard that may cause injury through continuing exposure is a continuing tort, and we said that, in a case involving a continuing tort, the time in which notice must be given "does not begin to run until the victim is warned of the danger, discovers it, or should in the exercise of ordinary care have otherwise learned of it." Id. at 332.

Ivie says that this case, like *Bell*, involves a continuing tort because the City not only stopped the Weavers from removing the wall in May or June 2007, but the City prevented the Weavers thereafter from removing the wall until it finally collapsed on December 15. That may be so, but it does not help Ivie here. Even under *Bell*, it is the plaintiff's discovery of the hazard — not his discovery of the role that the municipality may have played in causing the continued maintenance of the hazard — that triggers the six-month period in which notice must be given. And here, it is undisputed that Ivie had knowledge of the hazard — the danger that the wall might collapse and damage its building — on or about December 15, when the wall did collapse and damage its building. So, even if we treated the alleged role of the City in preventing the removal of the wall as a continuing tort, it would not extend the time by which Ivie was required to give notice, and it does not change the fact that Ivie did not give notice until more than seven months after the wall collapsed.[3]

The City was not given timely ante litem notice of the claim against it, and for this reason, the trial court erred in denying its motion for summary judgment.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2011.

*Robert B. Langstaff, Jr.*, for appellant.

---

[3] Ivie also relies on several cases involving continuing nuisances, but for the same reasons, its reliance on these cases is misplaced too. To the extent that the continued existence of the wall was a continuing nuisance, the last injury suffered by Ivie as a result of the nuisance occurred on December 15, when the wall collapsed and the nuisance abated.