**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 26, 2018**

# In the Court of Appeals of Georgia

A18A1220. GEORGIA DEPARTMENT OF PUBLIC SAFETY v.    DO-043
RAGSDALE.

DOYLE, Presiding Judge.

The appeal arises from a personal injury action filed by Matthew Ragsdale against the Georgia Department of Public Safety ("the State") and other defendants after Ragsdale was injured in a motor vehicle accident that occurred when Ross Singleton fled from law enforcement on October 30, 2014.[1] The State moved to dismiss the claims against it based on Ragsdale's failure to serve the State with a proper ante litem notice prior to October 30, 2015. The trial court denied the motion "for the reasons provided in [Ragsdale's] brief in opposition" to the motion — that OCGA § 9-3-99 tolled the period for presenting ante litem notice — and thereafter,

---

[1] Ragsdale's claims against Butts County and Singleton are not a part of this appeal.

this Court granted the State's application for interlocutory appeal. For the reasons that follow, we affirm.

> We review the [denial] of any motion to dismiss de novo, [recalling that] a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.[2]

The limited and undisputed facts necessary to decide this appeal are that Ragsdale was injured by a fleeing criminal on October 30, 2014. Ragsdale sent an ante litem notice to the Department of Administrative Services ("DOAS") on December 3, 2014; however, it is undisputed at this point that the notice provided on that date failed to include all the information required by OCGA § 50-21-26 (5). Ragsdale filed suit, but dismissed this initial filing based on the deficiency of his first ante litem notice. Thereafter, in March 2017, Ragsdale sent a second ante litem notice to DOAS. Ragsdale then renewed the action, and the State filed its motion to dismiss the appeal, contending that the March 2017 ante litem notice was untimely. In

---

[2] (Punctuation and citations omitted.) *Harrell v. City of Griffin*, 345 Ga. App. 635 (816 SE2d 738) (2018).

response, Ragsdale argued that because he was the victim of Singleton's crime, the time for filing the ante litem notice had been tolled "from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated" pursuant to OCGA § 9-3-99. The trial court agreed and denied the motion to dismiss in a single-sentence order, citing Ragsdale's arguments in response to the motion to dismiss. The State appeals this order.

Normally, "[n]o person . . . having a tort claim against the [S]tate under [the Georgia Tort Claims Act ("GTCA")] shall bring any action against the [S]tate upon such claim without first giving notice of the claim . . . in writing within 12 months of the date the loss was discovered or should have been discovered . . . ."[3] OCGA § 9-3-99 states, however, that

> [t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this [S]tate shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time

---

[3] OCGA § 50-21-26 (a) (1).

does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

The trial court denied the motion to dismiss, agreeing that OCGA § 9-3-99 tolled the ante litem notice time requirement, in part based on this Court's recent decision in *Harrison v. McAfee*.[4] In *Harrison*, this Court re-examined previous cases to determine whether (in addition to tolling victims' claims against criminal actors) OCGA § 9-3-99 tolled the limitation period for tort claims to be brought by crime victims against any non-criminal actors whose negligence may have caused the injury that the victim received during the criminal conduct.[5] This Court determined that the plain language of OCGA § 9-3-99 applies to the statute of limitation for tort claims alleged against non-criminal actors in addition to tort claims against criminal actors, and this Court overruled prior precedent holding otherwise.[6]

_____

[4] 338 Ga. App. 393 (788 SE2d 872) (2016).

[5] See id. at 395-402 (2).

[6] See id. at 397-399 (2) (b) & 402-403 (3). In *Stopanio v. Leon's Fence & Guardrail, LLC*, 346 Ga. App. 18, 20-22 (1) (815 SE2d 232) (2018), this Court remanded the case back to the trial court to reevaluate its dismissal of a case for failure to timely file an ante litem notice in light of *Harrison*, which was decided after the trial court initially dismissed this case.

One of the cases overruled by *Harrison*,[7] was *Columbia County v. Blanton*,[8] which addressed whether the plaintiff's tort claims against a county were barred by his failure to file a timely ante litem notice or if the time for filing the notice was tolled by, inter alia, OCGA § 9-3-99.[9] Relying on *Valades v. Uslu*,[10] another case explicitly overruled by *Harrison*,[11] the Court in *Blanton* held that "[b]ecause the county defendants were not criminal defendants in a prior prosecution, OCGA § 9-3-99 d[id] not toll the time for filing the ante litem notice against them in the instant suit."[12] Thus, *Blanton's* conclusion was based on the prohibition of applying the tolling provision to non-criminal joint tortfeasors rather than a determination of whether OCGA § 9-3-99 could toll an ante litem notice provision.

---

[7] See *Harrison*, 338 Ga. App. at 402 (3).

[8] 304 Ga. App. 149 (695 SE2d 674) (2010).

[9] The ante litem notice provision at issue in *Blanton* states that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." OCGA § 36-11-1.

[10] 301 Ga. App. 885 (1) (689 SE2d 338) (2009).

[11] 338 Ga. App. at 402 (3).

[12] *Blanton*, 304 Ga. App. at 153 (1).

5

The State argues that OCGA § 9-3-99 does not apply to the one-year ante litem notice requirement contained in OCGA § 50-21-26 (a) because the notice provision is not a statute of limitation, of which there is a separate two-year provision applicable in the GTCA pursuant to OCGA § 50-21-27 (c).

In *Foster v. Ga. Regional Transp. Auth.*,[13] the Supreme Court of Georgia explained that

> when we read statutory text, we must presume that the General Assembly meant what it said and said what it meant, and so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. According to OCGA § 50-21-27 (e), all provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code, shall apply to causes of action brought pursuant to the [GTCA]. The statute means just what it says: statutory tolling provisions apply to claims under the [GTCA] in the same way, in the same manner, and to the same extent that those provisions would apply to claims not brought under the [GTCA]. If a tolling provision otherwise would apply to a particular claim, it applies notwithstanding that the claim is subject to the [GTCA].

Thus, under *Foster*, OCGA § 9-3-99 applies to the two-year statute of limitation for tort claims brought under the GTCA pursuant to OCGA § 50-21-27 (e).

---

[13] (Citations and punctuation omitted.) 297 Ga. 714, 715-716 (777 SE2d 446) (2015).

In *Foster*, however, the plaintiff timely provided ante litem notice to the State under OCGA § 50-21-26 (a), so the Supreme Court did not address whether the tolling provision applied to the time period for providing notice, and the State contends that OCGA § 50-21-27 (e) applies only to the statute of limitation and not to the ante litem notice time period.[14]

Nevertheless, in those cases in which this Court has addressed this issue, we have determined that limitation period tolling statutes apply to the period for filing ante litem notice as well as for filing suit.[15] This is also true of other ante litem notice

---

[14] See id. at 714.

[15] See *Howard v. State*, 226 Ga. App. 543, 545-547 (2) (487 SE2d 112) (1997) (holding that a similar tolling provision for periods of infancy or disability apply to the ante litem notice provision of OCGA § 50-21-26 (a) because it operates as a statute of limitation). See also *Grant v. Faircloth*, 252 Ga. App. 795 (556 SE2d 928) (2001) (holding that under *Howard* that the trial court correctly dismissed the action because "plaintiff failed to give the ante litem notice to the [DOAS] within 12 months of the occurrence as mandated by OCGA § 50-21-26 (a), which bar[red the] action unless the plaintiff [was] a minor"). In *Clark v. Bd. of Regents of the Univ. Sys. of Ga.*, 250 Ga. App. 448, 449 (552 SE2d 445) (2001), this Court reviewed a plaintiff's claim that the one-year ante litem notice time period was tolled by the alleged fraudulent concealment under OCGA § 9-3-96 of an individual's status as a state employee. This Court, rather than holding that OCGA § 9-3-96 did not apply to the ante litem notice statute, instead held that the plaintiff failed to provide sufficient evidence of affirmative concealment or fraud in order for the period to be tolled.

7

provisions applying to municipalities.[16] Accordingly, we affirm the trial court's denial

of the State's motion to dismiss.

*Judgment affirmed. Dillard, C. J., and Mercier, J., concur*.

---

[16] See *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000) (holding that the municipal "ante litem notice provision, like a statute of limitation, may be tolled"), citing *Jacobs v. Littleton*, 241 Ga. App. 403, 406 (3) (b) (525 SE2d 433) (1999) (holding that a municipal ante litem notice provision was tolled during infancy and or legal incompetency under OCGA § 9-3-90). See also *City of Forsyth v. Bell*, 258 Ga. App. 331, 332 (547 SE2d 331) (2002) (holding that "the statute of limitation does not begin to run until the victim is warned of the danger, discovers it, or should in the exercise of ordinary care have otherwise learned of it"); *Nicholas v. Van*, 252 Ga. App. 411, 412 (556 SE2d 497) (2001) (explaining that the time requirement for presenting claims against a city under OCGA § 36-33-5 (b) is a statute of limitation); *Fairburn v. Cook*, 188 Ga. App. 58, 63 (5) (372 SE2d 245) (1988) (holding that OCGA § 36-33-5 is tolled pursuant to OCGA § 9-3-90); *Barnum v. Martin*, 135 Ga. App. 712, 715-716 (2) (219 SE2d 341) (1975) (treating ante litem notice to a city as a statute of limitation that could be tolled during infancy); *Barnesville v. Powell*, 124 Ga. App. 132, 132-133 (1) (183 SE2d 55) (1971) (same).