**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 15, 2019**

# In the Court of Appeals of Georgia

A19A1276. MANZANARES v. CITY OF BROOKHAVEN.

BROWN, Judge.

Bernardina Manzanares appeals from the trial court's order dismissing her complaint against the City of Brookhaven based upon her failure to comply with the ante litem notice requirement in OCGA § 36-33-5. She contends: (1) that the first notice she provided to the City satisfied the statutory requirements, and (2) that her untimely amended notice should relate back to the date of her first timely notice. For the reasons explained below, we disagree and affirm.

On appeal,

[w]e review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We

construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citations and punctuation omitted.) *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018). So construed, the record shows that on November 19, 2015, Manzanares was injured when the car she was driving collided with a car driven by a City police officer. On April 20, 2016, Manzanares' attorney sent an ante litem notice to the City of Brookhaven stating that she suffered from the following injuries as a result of the accident: "Head pain, face pain, neck pain, left shoulder and right shoulder pain, back pain, hip pain, and left knee and right knee pain." Her attorney stated that he was

> presenting her claim for general and special damages, both past and future, including but not limited to medical expenses, permanent disability, diminished earning capacity, lost wages, pain and suffering and any other damages allowed under Georgia law within the six-month period required by statute. While our investigation is still ongoing, we believe that the value of this claim may exceed $250,000.00.

On November 2, 2017, Manzanares filed a complaint against the City seeking to recover damages for her injuries in the accident; she voluntarily dismissed this complaint without prejudice on December 18, 2017. The following day and over two

years after the accident, Manzanares sent a second ante litem notice letter to the City "in order to revise the amount of Plaintiff's claim based on her current medical status." The second notice stated "that the value of her claim is the City's full insurance policy limits of $1 million." Her renewal complaint, filed on December 27, 2017, asserts the second notice was an "amendment" and "relates back to the date of the original notice."

The City of Brookhaven filed a motion to dismiss the renewal complaint based upon Manzanares' failure to comply with the ante litem notice statute, OCGA § 36-33-5. The trial court granted the motion based upon two conclusions: (1) the original notice was deficient for failing to state the specific amount of monetary damages being sought from the City; and (2) Manzanares could not cure this deficiency by voluntarily dismissing her first complaint, sending a second, more specific ante litem notice more than six months after the accident, and then filing a renewal complaint.

1. Manzanares contends that her first ante litem notice satisfied the requirements of OCGA § 36-33-5 based upon the concept of substantial compliance. We disagree.

This Code section provides:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section.

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment. . . .

(e) The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

Subsection (e) of this Code section was added by the General Assembly in 2014, with no changes made to subsection (b). Ga. L. 2014, p. 487, § 1. Manzanares argues that

4

we should read the requirement in subsection (e) for a "specific amount of monetary damages" together with the statement in subsection (b) that the "extent of the injury" be stated "as nearly as practicable" to conclude that the first notice she provided substantially complied with the statute.

Under well-established precedent existing before the 2014 amendment, the Supreme Court of Georgia recognized that

> [t]here is no precise standard for determining whether any given ante-litem notice is substantively sufficient, since substantial compliance with the statute is all that is required. The information supplied will be deemed sufficient if it puts a municipality on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by the use of the words as near[ly] as practicable, that absolute exactness need not be had.

(Citations and punctuation omitted.) *Owens v. City of Greenville*, 290 Ga. 557, 561 (4) (722 SE2d 755) (2012).

In *Harrell*, supra, 346 Ga. App. 635,[1] this Court addressed, for the first time, subsection (e)'s requirement that a notice state the "specific amount of monetary

---

[1] All of the justices of the Supreme Court of Georgia concurred in a decision to deny a petition for certiorari in *Harrell*. See *Harrell v. City of Griffin*, Case No. S18C1542, decided March 4, 2019.

5

damages being sought." We concluded that, "[e]ven if only substantial compliance is required for subsection (e), . . . a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality." Id. at 637-638 (1). We reasoned that "subsection (e) directly implies" that the amount of the monetary damages being sought constitutes an offer that can be accepted by the municipality, "thereby creating a binding settlement." Id. Because the notice provided by the plaintiff in *Harrell*, "did not include any specific amount of monetary damages being sought from [the city] that could constitute an offer of compromise," we affirmed the trial court's dismissal of her suit. Id. at 638 (1). See also *Wright v. City of Greensboro*, 350 Ga. App. 685 (1) (c) (830 SE2d 228) (2019) (holding trial court did not err in dismissing complaint where ante litem notice did not include a claim for a specific amount of monetary damages being sought).

In this case, the notice provided by Manzanares did not state "the specific amount of monetary damages being *sought* from the municipal corporation" as required by OCGA § 36-33-5 (e). (Emphasis supplied.) Instead, it stated: "While our investigation is ongoing, we believe that the value of this claim *may* exceed $250,000.00." (Emphasis supplied.) Even under a standard of substantial compliance,

6

we cannot say that this statement conveys the specific amount of monetary damages being *sought* from the City, nor was it specific enough to constitute an offer of compromise that could be accepted by the City. See *Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994) (if a settlement "offer is in any case so indefinite as to make it impossible for a court to decide just what it means, and to fix the legal liability of the parties, its acceptance can not result in an enforceable agreement") (citation and punctuation omitted). As we explained in *Wright*,

> subsection (e) of the statute does not require a potential plaintiff to provide the actual dollar amount of the damages allegedly incurred, which might be difficult to quantify in a case involving a continuing nuisance. Instead, the provision requires the ante litem notice to provide "the specific amount of monetary damages *being sought*" from the city, i.e., a settlement offer. And, if the city rejects the offer or a settlement cannot be reached, the plaintiff is not bound by that initial offer once litigation begins.

(Punctuation and footnotes omitted; emphasis supplied.) Ga. App. (1).

While the ante litem notice at issue here states a number, it fails to state a specific amount of monetary damages *sought*. Instead, it indicates that the value of the claim is some unknown number above $250,000 and makes no statement with regard to the amount being *sought*. An unknown number above $250,000 is too

indefinite to constitute a binding offer of settlement. Accordingly, based upon the standard articulated by this Court in *Harrell*, we affirm the trial court's conclusion that Manzanares' first ante litem notice did not comply with OCGA § 36-33-5 (e).

2. Manzanares argues in the alternative that because she amended her original notice before the City acted upon it, the amended notice relates back to the date of her original notice. In support of this argument, she relies upon subsections (c) and (d) of OCGA § 36-33-5, which provide:

> (c) Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation; and the action of the governing authority, unless it results in the settlement thereof, shall in no sense be a bar to an action therefor in the courts.

> (d) The running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part.

In an early decision interpreting a predecessor of this Code section, the Supreme Court of Georgia held that while a plaintiff has a right to sue immediately after the expiration of the 30-day period, a plaintiff can also wait until the governing authority acts on the claim to file suit without fear of the statute of limitation expiring during

8

the pendency of the claim. See *City of Rome v. Rigdon*, 192 Ga. 742, 746-748 (16 SE2d 902) (1941). It has also explained that

> OCGA § 36-33-5 is not itself a six-month statute of limitations and does not curtail the applicable two-year or four-year period of limitations. Rather, OCGA § 36-33-5 simply establishes that the time for satisfying the condition precedent of giving ante litem notice is limited to the six-month period which begins to run from the happening of the event upon which the claim is predicated. Thus, if the *requisite* ante litem notice has been given within the applicable six-month period, suit can thereafter be brought at any time within the applicable period of limitations. If, however, the requisite ante litem notice has not been given within the six-month period, suit cannot thereafter be brought even though the applicable period of limitations has not expired.

(Citation and punctuation omitted; emphasis supplied.) *City of Chamblee v. Maxwell*, 264 Ga. 635, 636 (452 SE2d 488) (1994). Based upon these decisions and the plain language of the statute, it appears that Manzanares' argument has no merit.

Indeed, Manzanares acknowledges that she can point to no cases holding that the tolling provision in subsection (d) should also be applied to the six-month ante litem deadline if the governing authority has not acted upon a previous ante litem notice. In support of her argument, she relies upon decisions of this Court addressing whether ante litem notice deadlines may be tolled based upon the application of other

9

statutes tolling statute of limitation periods. See, e.g., *Ga. Dept. of Public Safety v. Ragsdale*, 347 Ga. App. 827 (821 SE2d 58) (2018)[2] (holding OCGA § 9-3-99 tolled the period for presenting ante litem notice under Georgia Tort Claims Act, OCGA § 50-21-26 (a) (1)); *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000) (holding plaintiff did not make sufficient showing of mental incompetency to toll ante litem notice under OCGA § 9-3-30); *City of Barnesville v. Powell*, 124 Ga. App. 132 (1) (183 SE2d 55) (1971) (holding that ante litem notice tolled by infancy). In these decisions, we have stated generally that ante litem notices are "a statute of limitation," and it is upon this general language that Manzanares relies to assert that subsections (c) and (d) should be used to somehow allow her amended ante litem notice to relate back to the date of her first notice. See *Nicholas v. Van*, 252 Ga. App. 411, 412 (556 SE2d 497) (2001) (time requirement in OCGA § 36-33-5 "is a statute of limitation"); *Powell*, 124 Ga. App. at 132 (1) ("The requirement of ante litem notice . . . stating that before suit may be instituted against any municipal corporation for money damages for injury to person or property, it must be notified in writing within [six]

---

[2] The Supreme Court of Georgia has granted a petition for certiorari in this case to address the following question: "Is the time for filing an ante litem notice under the Georgia Tort Claims Act, see OCGA § 50-21-26 (a) (1), subject to tolling under OCGA § 9-33-99?" See *Dept. of Public Safety v. Ragsdale*, Case No. S19C0422, decided July 1, 2019.

months of the event upon which the claim is predicated for opportunity to adjust the same is a statute of limitation.") (citation and punctuation omitted).

Setting aside the question of whether this Court has properly characterized the time for giving notice under OCGA § 36-33-5 as a statute of limitation,[3] we find that the plain language of the statute does not contemplate that a municipality's failure to act upon a deficient notice given within the six-month time period mandated by subsection (b) allows an untimely notice made during the municipality's period of inaction to relate back to the date of the first notice. Subsection (d) makes no mention of amendments made during the time period of a municipality's inaction relating back to the date of a timely but insufficient notice, and we decline to craft a procedure not contemplated by the plain language of the statute. "The giving of the ante litem notice in the manner *and within the time required by the statute* is a condition precedent to the maintenance of a suit on the claim." (Citation and punctuation omitted; emphasis

---

[3] The Supreme Court of Georgia has referred to the time limit in OCGA § 36-33-5 as a condition precedent to bringing suit rather than a statute of limitation. See *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. 342, 351 (5) (638 SE2d 307) (2006) ("the giving of ante-litem notice is a condition precedent to bringing suit against a municipality"); *Maxwell*, 264 Ga. at 636 ("OCGA § 36-33-5 is not itself a six-month statute of limitations"; rather it "simply establishes that the time for satisfying the condition precedent of giving ante litem notice is limited to the six-month period which begins to run from 'the happening of the event upon which' the claim is predicated").

11

supplied.) *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 888 (825 SE2d 385) (2019). As Manzanares failed to provide a sufficient ante litem notice "[w]ithin six months of the happening of the event upon which a claim against a municipal corporation is predicated," OCGA § 36-33-5 (b), the trial court properly granted the City's motion to dismiss. Cf. *Silva v. Ga. Dept. of Transp.*, 337 Ga. App. 116, 119-120 (4) (787 SE2d 247) (2016) (affirming trial court's conclusion that amendment to ante litem notice under the Georgia Tort Claims Act must be made within 12 months of the injury to be effective).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.