46082.   CITY OF BARNESVILLE v. POWELL.

WHITMAN, Judge. 1. The requirement of ante litem notice in *Code Ann.* § 69-308) stating that before suit may be instituted against any municipal corporation for money damages for injury to person or property, it must be notified in writing within

6 months of the event upon which the claim is predicated for opportunity to adjust same) is a statute of limitation. *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (1) (170 SE2d 339). And where the person to whom the claim belongs is a person under disability as set forth in *Code* §§ 3-801 and 3-1005, the limitation period does not begin to run until such time as the disability shall have been removed. *City of Atlanta v. Barrett,* 102 Ga. App. 469, supra. Cf. *Mayor &c. of Athens v. Schaefer,* 122 Ga. App. 729 (178 SE2d 764). In this case Cindy Dawn Powell was about four years old when the alleged negligence and injury occurred, thus being under the disability of infancy her claim was not barred because notice was not given until about two years after the occurrence.

2. "[T]he appointment of a guardian does not operate to start the statute of limitation running against the minor or the guardian in cases where the title to the cause of action is in the minor. *Wingfield v. Virgin,* 51 Ga. 139 (1); *Monroe v. Simmons,* 86 Ga. 344 (12 SE 643), and cases cited; *Grimsby v. Hudnell,* 76 Ga. 378 (2 ASR 46); *Nelson v. Estill,* 190 Ga. 235, 243 (9 SE2d 73)." *Whalen v. Certain-teed Products Corp.,* 108 Ga. App. 686, 687 (134 SE2d 528). Thus the appellant's argument that it was error to enter judgment on the verdict because there was a failure to plead and prove the date of the guardian's appointment and notice to the municipality within 6 months thereof is without merit.

3. The defendant submitted a request to charge to the effect that the plaintiff would have the same burden of proof with respect to injury and damage as with liability; that any alleged injury or complaint must be shown to have occurred as a proximate result of the incident complained of; and that, further, no recovery would be authorized for any injury or complaint, the cause of which was left to guess or speculation after considering the evidence.

The request was proper but the legal principles requested therein were adequately covered by the charge as given. There was no error in not charging the request's exact language. *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (173 SE2d 416).

4. The defendant also requested that the jury be charged the language of *Code* § 38-119 regarding the presumption arising from failure to produce evidence. It is argued in this connection that the request should have been given inasmuch as the plaintiff did not call all the physicians whom the plaintiff had seen in connection with her problem. The plaintiff presented the testimony of one urologist, one psychiatrist and one general practitioner with opportunity for cross examination. The defendant-appellant's brief relates its request to charge particularly to the plaintiff's pediatrician and to a urologist who were not called by plaintiff to testify in the case. From a review of the transcript it appears that the plaintiff's mother on direct examination named doctors whom the plaintiff had seen since the incident, including the pediatrician and the urologist. She testified as to what she did as a result of these particular visits, in particular, that it led to consultation and treatment by the doctors who did testify in the case. There was no inquiry as to why any doctor had not been called to testify. In fact, there was no cross examination at all. It does not appear that any evidence pertinent to the case was suppressed (see *Central of Ga. R. Co. v. Bernstein,* 113 Ga. 175, 179 (38 SE 394); *Brosnan v. Long,* 75 Ga. App. 837, 840 (44 SE2d 809)), or that the absent physicians were in any way under the power and control of the plaintiff or accessible only to the plaintiff *(Brothers v. Horne,* 140 Ga. 617 (3) (79 SE 468)).

5. There was no error in admitting the Carlisle Mortality Table in evidence over the objection of irrelevancy. There was evidence that the plaintiff's difficulty would continue into the future, but "graduallly subside" as she grew older. We think a jury question was presented as to future pain and suffering, and also as to permanency. The trial court instructed the jury that they must find from the evidence whether there had been any injuries and if so, whether they would extend into the future and whether any would be permanent. The jury was instructed that only in the event they found some injury of a permanent nature would they be authorized to give any consideration to life expectancy.

*Judgment affirmed. Hall, P. J., and Eberhardt. J., concur.*

ARGUED APRIL 6, 1971—DECIDED JUNE 24, 1971.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellant.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellee.