308 Ga. 210
FINAL COPY

S19G0422.  DEPARTMENT OF PUBLIC SAFETY v. RAGSDALE.

ELLINGTON, Justice.

We granted certiorari in this case to consider whether the Court of Appeals erred in *Dept. of Public Safety v. Ragsdale*, 347 Ga. App. 827 (821 SE2d 58) (2018), by holding that the time for filing an ante litem notice under the Georgia Tort Claims Act, see OCGA § 50-21-26 (a) (1), is subject to tolling under OCGA § 9-3-99, when the tort at issue arises from a crime.  For the reasons set forth below, we conclude that the Tort Claims Act's ante litem notice period is not subject to tolling under OCGA § 9-3-99.

Matthew Ragsdale filed this personal injury action against the Georgia Department of Public Safety ("DPS") after he was injured during an October 31, 2014 motor vehicle accident that occurred when Ross Singleton, the driver of another vehicle, fled from law enforcement. As described by the Court of Appeals, the record shows:

Ragsdale sent an ante litem notice to the Department of Administrative Services ("DOAS") on December 3, 2014; however, it is undisputed at this point that the notice provided on that date failed to include all the information required by OCGA § 50-21-26 (a) (5). Ragsdale filed suit, but dismissed this initial filing based on the deficiency of his first ante litem notice. Thereafter, in March 2017, Ragsdale sent a second ante litem notice to DOAS. Ragsdale then renewed the action, and [DPS] filed its motion to dismiss the appeal, contending that the March 2017 ante litem notice was untimely. In response, Ragsdale argued that because he was the victim of Singleton's crime, the time for filing the ante litem notice had been tolled "from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated" pursuant to OCGA § 9-3-99. The trial court agreed and denied the motion to dismiss in a single-sentence order, citing Ragsdale's arguments in response to the motion to dismiss.

*Ragsdale*, 347 Ga. App. at 827-828. The Court of Appeals affirmed the denial of DPS's motion to dismiss, following cases in which that court had previously "determined that limitation period tolling statutes apply to the period for filing ante litem notice as well as for filing suit." Id. at 830 (footnote omitted). Thus, the Court of Appeals necessarily concluded that the time for filing an ante litem notice under the Georgia Tort Claims Act, OCGA § 50-21-26 (a) (1), is subject to tolling under OCGA § 9-3-99. We granted certiorari to

2

consider whether that conclusion was correct.

In the construction of "a statute, we afford the text its plain and ordinary meaning, viewed in the context in which it appears, and read in its most natural and reasonable way." *Carpenter v. McMann*, 304 Ga. 209, 210 (817 SE2d 686) (2018) (citation and punctuation omitted). Turning to the statutes at issue here, OCGA § 9-3-99[1] tolls "[t]he running of the period of limitations" with respect to tort actions brought by certain crime victims. A limitations period may be understood as "a statutory period after which a lawsuit or prosecution cannot be brought in court." Black's Law Dictionary (11th ed. 2019) (defining "limitation . . . [a]lso termed limitations period").

---

[1] OCGA § 9-3-99 provides:

The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

Statutes setting forth limitation periods are generally referred to as "statutes of limitation."

> A statute of limitation has as its purpose the limiting of the time period in which an action may be brought, thereby providing a date certain after which potential defendants can no longer be held liable for claims brought on such actions. . . . Prescribing periods of limitation is a legislative, not a judicial, function.

*Young v. Williams*, 274 Ga. 845, 848 (560 SE2d 690) (2002) (citations and punctuation omitted). See also Black's Law Dictionary (11th ed. 2019) (defining "Statute of Limitations" as "[a] law that bars claims after a specified period . . . Also termed . . . limitations period."). We have described a statute of limitation as a "rule limiting the time in which a party may bring an action for a right which has already accrued." *Amu v. Barnes*, 283 Ga. 549, 551 (662 SE2d 113) (2008) (citation and punctuation omitted). Statutes of limitation "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Allrid v. Emory Univ.*, 249 Ga. 35, 39 (1) (d) (285 SE2d 521) (1982) (citation and punctuation omitted). The expiration of

4

the statute of limitation may be raised as a defense to an action. See, e.g., *Cleaveland v. Gannon*, 284 Ga. 376, 381 (2) (667 SE2d 366) (2008) (defense of statute of limitation is an affirmative defense under OCGA § 9-11-8 (c)).

The provision of the Tort Claims Act at issue in this case, OCGA § 50-21-26 (a) (1),[2] concerns the time for giving ante litem notice — notice that must be given *before* the filing of a lawsuit. Under the Tort Claims Act, "a person may not bring a tort claim against the state unless the person first gives the state written notice of the claim within the time, and in the manner, specified in OCGA § 50-21-26." *Henderson v. Dept. of Transp.,* 267 Ga. 90, 91 (1) (475 SE2d 614) (1996). The purpose of the Tort Claims Act's ante litem notice provisions "is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000) (footnote omitted). "If the ante litem

---

[2] "Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered[.]" OCGA § 50-21-26 (a) (1).

5

notice requirements [of the Tort Claims Act] are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction. OCGA § 50-21-26 (a) (3)."[3] *Bd. of Regents of the Univ. System of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014). Thus, compliance with the ante litem notice requirements of OCGA § 50-21-26 is a condition precedent to an action under the Tort Claims Act.

We have described the six-month ante litem notice provision applicable to certain claims against municipalities, see OCGA § 36-33-5, as "a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property," and "not itself a six-month statute of limitations[.]" *City of Chamblee v. Maxwell*, 264 Ga. 635, 636 (452 SE2d 488) (1994) (citations omitted). Consistent with *Maxwell*, we conclude that the ante litem notice requirement of OCGA § 50-21-26, which performs

---

[3] OCGA § 50-21-26 (a) (3) provides: "No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection."

6

a function different from that of a statute of limitation and compliance with which is a condition precedent to an action against the State, is not a statute of limitation.

As the ante litem notice requirement of OCGA § 50-21-26 is not a statute of limitation, the Code's statutory tolling provisions, such as OCGA § 9-3-99, do not apply to the Tort Claims Act's 12-month ante litem notice period.  This conclusion is bolstered by OCGA § 50-21-27 (c), which separately sets forth the Tort Claims Act's statute of limitation: "[A]ny tort action brought pursuant to this article is forever barred unless it is commenced within two years after the date the loss was or should have been discovered." In the same Code section, OCGA § 50-21-27 (e) expressly provides that "[a]ll provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code, shall apply to causes of action brought pursuant to [the Tort Claims Act]."[4] OCGA § 50-21-26, on the other hand, contains no

---

[4] OCGA § 50-21-27 (e) "means just what it says: statutory tolling provisions apply to claims under the Tort Claims Act in the same way, in the same manner, and to the same extent that those provisions would apply to claims not brought under the Tort Claims Act." *Foster v. Ga. Regional Transp. Auth.*, 297 Ga. 714, 715-716 (777 SE2d 446) (2015) (footnote omitted).

7

provision contemplating that the time for giving ante litem notice is subject to tolling. The General Assembly could have expressly provided for such tolling, as it did in the statute of limitations section immediately following this section and also on some grounds in the case of the ante litem notice requirement applicable to actions against counties, but it did not do so. Compare OCGA § 36-11-1.[5]

Ragsdale argues that any interpretation by this Court of OCGA §§ 50-21-26 and 9-3-99 must take into account that the Court of Appeals has "treated ante litem notice provisions as 'statutes of limitation' for purpose of tolling statutes[.]" As Ragsdale notes, we presume that statutes are enacted "by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law." *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 852 (2) (797 SE2d 814) (2017) (citation and punctuation

---

[5] OCGA § 36-11-1 provides: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims."

8

omitted).

In *City of Atlanta v. Barrett*, 102 Ga. App. 469 (116 SE2d 654) (1960), the Court of Appeals considered whether the six-month ante litem notice requirement for claims for damages against a municipality, as provided by former Ga. Code Ann. § 69-308 (now OCGA § 36-33-5), was subject to the general tolling provision of former Ga. Code Ann. § 3-801 (the predecessor to OCGA § 9-3-90),[6] pertaining to the claims of certain disabled persons. The court concluded that the ante litem notice provision was subject to tolling, reasoning that the requirement that "notice be given within six months from the date of the injuries or else that the action therefor be forever barred is itself a statute of limitation and subject to the general law of this State with respect to the tolling of statutes of limitation." *Barrett*, 102 Ga. App. at 472.

At the time of the enactment of the Tort Claims Act in 1992,

---

[6] Former Ga. Code Ann. § 3-801 then provided: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons."

9

*Barrett* and its progeny had been followed by numerous decisions of the Court of Appeals in cases characterizing former Ga. Code Ann. § 69-308 and OCGA § 36-33-5 as statutes of limitation.[7] However, this Court had not then adopted the Court of Appeals' holding in *Barrett*, nor have we ever done so. The General Assembly provided in the Tort Claims Act that its waiver of sovereign immunity would be narrowly construed. See OCGA § 50-21-23 (b) ("The state waives its sovereign immunity only to the extent and in the manner provided in this article[.]"). And as discussed above, the Tort Claims Act includes a provision with respect "to the tolling of limitations of

---

[7] See *Fairburn v. Cook*, 188 Ga. App. 58, 63 (5) (372 SE2d 245) (1988); *Webster v. City of East Point*, 164 Ga. App. 605, 609 (3) (294 SE2d 588) (1982); *Cobb v. Bd. of Commrs. of Roads and Revenue of Tift County*, 151 Ga. App. 472, 472 (1) (260 SE2d 496) (1979); *Lowe v. Pue*, 150 Ga. App. 234, 236 (257 SE2d 209) (1979); *Barnum v. Martin*, 135 Ga. App. 712, 715 (2) (219 SE2d 341) (1975); *City of Barnesville v. Powell*, 124 Ga. App. 132, 132-133 (1) (183 SE2d 55) (1971); *Schaefer v. Mayor and Council of the City of Athens*, 120 Ga. App. 301, 301 (1) (170 SE2d 339) (1969). See also *Shoemaker v. Aldmor Mgmt., Inc.*, 249 Ga. 430, 431 (291 SE2d 549) (1982) (observing that "[t]he Georgia Court of Appeals has held that the six-months' limitation found in [former Ga. Code Ann.] § 69-308 is a statute of limitation"). Despite our 1994 holding in *Maxwell* that the ante litem notice requirement in OCGA § 36-33-5 is not a statute of limitation, the Court of Appeals has continued to apply the holding in *Barrett* in actions against municipalities. See *City of Forsyth v. Bell*, 258 Ga. App. 331, 332 (574 SE2d 331) (2002); *Nicholas v. Van,* 252 Ga. App. 411, 412 (556 SE2d 497) (2001); *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000); *Jacobs v. Littleton*, 241 Ga. App. 403, 406 (3) (b) (525 SE2d 433) (1999).

actions, as provided elsewhere in this Code," within the Code section setting forth its two-year statute of limitation, OCGA § 50-21-27, but not in its ante litem notice provision, OCGA § 50-21-26. We reject the contention that the General Assembly would have *expressly* invoked general tolling statutes as to the Tort Claims Act's *express* statute of limitations, while in the adjoining section relied on the Court of Appeals' decisions calling the ante litem notice requirements pertaining to municipalities *implicit* statutes of limitation to *implicitly* invoke the general tolling statutes.

Ragsdale also invokes the principle that "[w]here a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction." *Abernathy v. City of Albany*, 269 Ga. 88, 90 (495 SE2d 13) (1998). Following the enactment of the Tort Claims Act, the Court of Appeals in *Howard v. State*, 226 Ga. App. 543, 546 (2) (487 SE2d 112) (1997), relying on *Barrett*'s holding regarding ante litem notices in suits against municipalities, concluded that the ante litem

11

notice requirement of the Tort Claims Act, OCGA § 50-21-26 (a), was likewise a statute of limitation and as such subject to OCGA § 9-3-90 (a), thereby tolling the ante litem notice period until the appellant reached her majority. *Howard* did not analyze the pertinent text of the Tort Claims Act and, in addition, by the time *Howard* was decided in 1997, this Court had decided *Maxwell*, which implicitly disapproved *Barrett*'s conclusion that an ante litem notice requirement is a statute of limitation. Thus, *Howard* was incorrectly decided, and its erroneous holding has not, by any stretch, become a settled construction of OCGA § 50-21-26 (a).[8]

---

[8] Before its decision in this case, the Court of Appeals had cited the pertinent part of *Howard* only three times, once in dicta, once describing the holding as limited, and once describing the holding (likely incorrectly) *as* dicta. More specifically, in *Grant v. Faircloth*, 252 Ga. App. 795, 795 (556 SE2d 928) (2001), the Court of Appeals affirmed the dismissal of an action for lack of subject matter jurisdiction under the Tort Claims Act, but noted in dicta, citing *Howard,* that "OCGA § 50-21-26 (a) . . . bars this action unless the plaintiff is a minor." In *Ga. Regional Transp. Auth. v. Foster*, 329 Ga. App. 258, 261 n.6 (764 SE2d 862) (2014), the Court of Appeals limited *Howard* to tolling provisions not inconsistent with the purposes of the Tort Claims Act. In *Stopanio v. Leon's Fence & Guardrail, LLC*, 346 Ga. App. 18, 21 n.6 (815 SE2d 232) (2018), the Court of Appeals described *Howard* as having "expressed*, in dicta, the possibility* that the ante litem time requirement [of the Tort Claims Act] is itself a statute of limitation and may therefore be subject to the general law of this State with respect to the tolling of statutes of limitation." (Emphasis supplied.)

In light of the foregoing, we hold that the time for filing an ante litem notice under OCGA § 50-21-26 (a) (1) is not subject to tolling under OCGA § 9-3-99, and that the Court of Appeals erred in concluding otherwise.[9] We acknowledge that in certain circumstances the lack of tolling of the Tort Claims Act's ante litem notice time requirement may produce inequitable results, but it is for the General Assembly to waive that requirement as it deems appropriate.

*Judgment reversed. All the Justices concur, except Warren, J., not participating.*

DECIDED FEBRUARY 28, 2020.
Certiorari to the Court of Appeals of Georgia — 347 Ga. App.

---

[9] *Howard* and the cases discussing it described in footnote 8 are overruled to the extent those decisions are inconsistent with this holding. Given that *Maxwell* concluded that OCGA § 36-33-5 is not a statute of limitation, *Barrett* and its progeny, including but not limited to the decisions of the Court of Appeals listed in note 7, supra, are necessarily disapproved to the extent that they hold to the contrary. However, the question of whether the ante litem notice period of OCGA § 36-33-5 is subject to the general law of this State with respect to the tolling of statutes of limitation is not before us. Given their longstanding application in actions against municipalities, we leave that question to a case that squarely presents it.

827.

*Christopher M. Carr, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston-Pope, Senior Assistant Attorney General, Robert L. Bunner, Assistant Attorney General, Andrew A. Pinson, Solicitor-General, Ross W. Bergethon, Deputy Solicitor-General*, for appellant.

*Edward V. C. Silverbach, Charles M. Cork III*, for appellee.