**FOURTH DIVISION**
**DOYLE, P. J.,**
**DILLARD, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 12, 2020**

# In the Court of Appeals of Georgia

A18A1220. GEORGIA DEPARTMENT OF PUBLIC SAFETY v.    DO-043
      RAGSDALE.

DOYLE, Presiding Judge.

In *Ga. Dept. of Public Safety v. Ragsdale*,[1] this Court affirmed the trial court's determination that OCGA § 9-3-99 tolled the time for giving ante litem notice to the State. The Supreme Court of Georgia granted certiorari, as to whether "the time for filing an ante litem notice under the Georgia Tort Claims Act[[2] is] subject to tolling under OCGA § 9-33-99."[3] Overruling several cases, the Supreme Court determined

---

[1] 347 Ga. App. 827 (821 SE2d 58) (2018), reversed by *Dept. of Public Safety v. Ragsdale*, 308 Ga. 210 (839 SE2d 541) (2020).

[2] See OCGA § 50-21-26 (a) (1).

[3] (Citation omitted.) *Dept. of Public Safety v. Ragsdale*, Case No. S19C0422 (decided Jul. 1, 2019) (unpublished).

that OCGA § 9-33-99 did not toll the time for presenting ante litem notice because that provision is not a statute of limitation subject to tolling statutes.[4] We now adopt the Supreme Court's judgment as our own, and accordingly, vacate the trial court's order and remand for entry of an order in conformity with this opinion.

*Judgment vacated and case remanded. Dillard, P. J., and Mercier, J., concur.*

---

[4] See *Ragsdale*, 308 Ga. at 213-215.