**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 14, 2023**

# In the Court of Appeals of Georgia

A22A1246. LEWIS v. GWINNETT COUNTY et al.

BROWN, Judge.

Azariah Lewis appeals from the dismissal of her negligence action against Gwinnett County ("the County") on the ground that she failed to provide timely ante litem notice to the County pursuant to OCGA § 36-11-1. Because we conclude that the March 14, 2020 Order issued by the Chief Justice of the Supreme Court of Georgia Declaring a Statewide Judicial Emergency in response to the COVID-19 pandemic tolled the time for providing ante litem notice to the County, we reverse.

Lewis' complaint alleges that on July 16, 2019, she suffered injuries when a County police officer struck Lewis' vehicle while it was traveling westbound on University Parkway. A tractor-trailer owned by a Coca-Cola bottler also was involved in the accident. Lewis sent ante litem notice to the County on November 11, 2020,

and filed suit against the County, the officer, and various other defendants on October 26, 2021. In her complaint, Lewis alleged that "[p]rior to filing [suit], [she] served a proper and timely ante litem notice upon [the] County pursuant to OCGA § 36-11-1[,]" explaining in a footnote that pursuant to the Chief Justice's emergency order, "the deadline for providing [ante litem] notice . . . was suspended, tolled, extended, or relief was granted from same." The County moved to dismiss the complaint on several grounds, including that it was time-barred under OCGA § 36-11-1, which provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred[.]" The trial court granted the County's motion, concluding that Lewis failed to provide timely ante litem notice and that the Order Declaring a Statewide Judicial Emergency "did not toll the requirement to provide timely [ante litem] notice." The trial court subsequently entered final judgment in favor of the County and this appeal followed.

Lewis contends that the trial court erred in dismissing her claims against the County because the Order Declaring a Statewide Judicial Emergency tolled all litigation deadlines, expressly including deadlines imposed by statutes of limitation and the presentment requirement of OCGA § 36-11-1 is a statute of limitation. The

2

County disagrees, contending that tolling does not apply to this case because OCGA § 36-11-1 is not a statute of limitation.

OCGA § 36-11-1 provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." In this case, Lewis was required to present her claim to the County by July 16, 2020. However, on March 14, 2020, the Chief Justice of the Supreme Court of Georgia issued an Order Declaring a Statewide Judicial Emergency as a consequence of "the continued transmission of Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts." The March 14, 2020 Order provided as follows:

> Pursuant to OCGA § 38-3-62, during the period of this Order, the undersigned hereby suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any: (1) statute of limitation; (2) time within which to issue a warrant; (3) time within which to try a case for which a demand for speedy trial has been filed; (4) time within which to hold a commitment hearing; (5) deadline or other schedule regarding the

3

detention of a juvenile; (6) time within which to return a bill of indictment or an accusation or to bring a matter before a grand jury. . . .

The emergency order subsequently was extended several times, including on April 6, 2020, May 11, 2020, June 12, 2020, and July 10, 2020. In its Fourth Order, issued on July 10, 2020, the Court declared that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation."

On March 27, 2020, the Court issued "Guidance on Tolling Filing Deadlines Under the Chief Justice's Order Declaring Statewide Judicial Emergency," which made the following clarification:

Atlanta Legal Aid has reported that there are varying interpretations of the tolling provision in the Chief Justice's March 14, 2020, Order Declaring Statewide Judicial Emergency, especially in the context of eviction proceedings. Simply stated, like all other non-constitutional filing deadlines, the time for filing an answer in an eviction proceeding is tolled by the declaration if the filing deadline date was after March 14, 2020, or after the date of any prior local or circuit-wide judicial emergency order applicable to the proceeding. For eviction or any other kind of proceeding, whatever amount of time remained before the filing was due prior to the date of the statewide declaration, or prior to any applicable local or circuit-wide order, will remain after the March 14,

2020, declaration has expired or is otherwise terminated. While questions regarding eviction proceedings prompted this guidance, this guidance is applicable to all proceedings and filing deadlines.

On April 6, 2020, the Court issued further guidance on "Tolling Statutes of Limitation Under the Chief Justice's Order Declaring Statewide Judicial Emergency" as follows:

> [T]he tolling of a statute of limitation suspends the running of the period of limitation, but it does not reset the period of limitation. If the period of limitation for a particular cause of action commenced prior to March 14, 2020—that is, if the "clock" had started to run before the entry of the Chief Justice's order—the running of the period of limitation was suspended on March 14, and the running of the period will resume when the tolling provision of the March 14 declaration has expired or is otherwise terminated. If the event that triggers the running of a period of limitation occurred on or after March 14—that is, if the "clock" had not started to run before a statewide judicial emergency was declared—the period of limitation will not begin to run until the tolling provision of the March 14 declaration has expired or is otherwise terminated. In either circumstance, whatever time remained in the period of limitation as of March 14 will still remain when the tolling provision of the March 14 declaration has expired or is otherwise terminated.

The Fourth Order Extending Declaration of Statewide Judicial Emergency provided that "[a]ll other deadlines imposed on litigants [by statutes, rules, regulations, or court

orders in civil and criminal cases and administrative actions that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order] shall be reimposed effective July 14, 2020[.]" (Emphasis omitted.)

According to Lewis, the effect of the orders was to stop the clock on the running of the 12-month period within which she had to present her claim to the County. Because Lewis' original deadline was July 16, 2020, her new deadline under the orders/guidance provisions was 122 days later, or November 15, 2020, and because November 15, 2020, was a Sunday, her deadline was extended by one additional day to Monday, November 16, 2020. According to the County, "the plain text" of the orders/guidance provisions makes clear that it does not apply to the ante litem notice required by OCGA § 36-11-1. In the County's view, the guidance "applie[s] to court filings — not non-court pre-litigation notices." Moreover, tolling does not apply to OCGA § 36-11-1, because it is not a statute of limitation.

We need not decide whether the ante litem notice requirement of OCGA § 36-11-1 is a statute of limitation. Compare *Dept. of Public Safety v. Ragsdale*, 308 Ga. 210, 212 (839 SE2d 541) (2020) (concluding that ante litem notice requirement of Tort Claims Act, OCGA § 50-21-26 ("[n]o person, firm, or corporation having a tort claim against the State under this article shall bring any action against the state upon

6

such claim without first giving notice of the claim"), is not a statute of limitation). The language of the various orders/guidance provisions issued by the Supreme Court of Georgia encompasses the time within which to present a claim to a county pursuant to OCGA § 36-11-1. In particular, the March 14, 2020 Order states that it "grants relief from any deadlines or other time schedules or filing requirements . . . whether in civil or criminal cases or administrative matters, including *but not limited to any*. . . ." (Emphasis supplied.) Because the sole purpose of an ante litem notice is to preserve a cause of action in a civil case, we conclude that the filing of the ante litem notice in this case is a deadline in a civil case within the meaning of the emergency order.[1] Compare *Arco Design/Build v. Savannah Green I Owner*, 364 Ga. App. 380, 384-388 (a), (b) (875 SE2d 385) (2022) (filing of an affidavit of nonpayment under OCGA § 44-14-366 (f) (2) (C) is not a judicial proceeding within the meaning of the March 14, 2020 Order Declaring Statewide Judicial Emergency, but distinguishing affidavit of nonpayment from ante litem notice on the ground that ante litem preserves a cause of action, whereas an affidavit of nonpayment preserves an interest

---

[1] We hold that, under the unique facts of this case, the Supreme Court's tolling order applies to ante litem notices. We do not address any other period of limitation or repose.

7

in property). Accordingly, the trial court erred in granting the County's motion to dismiss Lewis' complaint.

*Judgment reversed. Barnes, P. J., and Hodges, J., concur*.