**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT**, JJ.

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 13, 2024

# In the Court of Appeals of Georgia

A23A0783. DATES et al. v. CITY OF ATLANTA.

BROWN, Judge.

Kierra Dates, individually and as the parent and guardian of Jeremiah Dates, a minor, (hereinafter "the plaintiff") appeals from the trial court's order granting the City of Atlanta's (hereinafter "the City") motion to dismiss based upon deficiencies in her ante litem notice. She contends that the trial court erred because (1) OCGA § 9-3-90, the tolling statute for minors, applies to prevent dismissal of this case; (2) her notice complied with the requirements of the ante litem notice statute, OCGA § 36-33-5 (e); and (3) the ante litem statute, as applied in this case, is unconstitutional under state and federal constitutions. For the reasons explained below, we affirm.[1]

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court.

"We review the denial of a motion to dismiss de novo and, in so doing, construe the pleadings in a light most favorable to the plaintiff, with any doubts resolved in the plaintiff's favor." (Citation omitted.) *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020). Here, the pleadings show that on June 1, 2020, eight-year-old Jeremiah Dates was injured when a large tree branch fell on him while he was playing on property owned and managed by the City. On June 12, 2020, the plaintiff's attorney served an ante litem notice on the City, advising it of her intent to assert a claim and that "[t]he amount of the loss claimed is in excess of $500,000." Over one year after the incident, on July 9, 2021, the plaintiff's attorney sent a supplemental ante litem notice stating that "[t]he amount of the loss claimed is $1,000,000."

The City filed a motion to dismiss the plaintiff's complaint, arguing that the first and only timely ante litem notice was deficient on two grounds, one of which was the failure to identify the specific amount of monetary damages being sought from the City. The plaintiff asserted in opposition to the motion that her notice complied with

Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling/disapproving Disapproving: *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000); *Jacobs v. Littleton*, 241 Ga. App. 403, 406 (3) (b) (525 SE2d 433) (1999); *Lowe v. Pue*, 150 Ga. App. 234, 236 (257 SE2d 209) (1979); *Barnum v. Martin*, 135 Ga. App. 712, 715 (2) (219 SE2d 341) (1975); and *City of Barnesville v. Powell*, 124 Ga. App. 132, 132-133 (1) (183 SE2d 55) (1971).

2

the ante litem statute, that the time limit should be tolled under OCGA § 9-3-90

because Jeremiah Dates was a minor at the time he was injured, and finally, that the

ante litem statute violated the Equal Protection Clause of the Fourteenth Amendment

of the Constitution of the United States. The trial court granted the motion because

the plaintiff's ante litem notice failed to state the amount sought with sufficient

specificity. With regard to the plaintiff's equal protection claim, the trial court

concluded that she lacked standing to assert it, and that "[e]ven if she did, the ante

litem statute does not violate the equal protection provisions of the Georgia

Constitution."

1. Relying on cases from this Court that predate the Supreme Court of

Georgia's decision in *Dept. of Public Safety v. Ragsdale*, 308 Ga. 210 (839 SE2d 541)

(2020), the plaintiff urges us to conclude that the ante litem notice statute cannot be

applied to bar her case based on OCGA § 9-3-90 (b), which provides: "Except as

otherwise provided in Code Section 9-3-33.1,[2] individuals who are less than 18 years

of age when a cause of action accrues shall be entitled to the same time after he or she

---

[2] This Code section governs the statute of limitation for victims of childhood sexual abuse.

reaches the age of 18 years to bring an action as is prescribed for other persons."[3] See, e.g., *City of Atlanta v. Barrett*, 102 Ga. App. 469, 472 (116 SE2d 654) (1960) (holding that "the requirement that the notice be given [to a municipality] within six months from the date of the injuries or else that the action therefore be forever barred [pursuant to the predecessor of OCGA § 36-33-5] is itself a statute of limitation and subject to the general law of this State with respect to the tolling of statutes of limitation"), disapproved in part, *Ragsdale*, 308 Ga. at 215. We disagree.

In *Ragsdale*, the Supreme Court of Georgia concluded that "[a]s the ante litem notice requirement of [the Georgia Tort Claims Act,] OCGA § 50-21-26[,] is not a statute of limitation, the Code's statutory tolling provisions, such as OCGA § 9-3-99,[4] do not apply to the Tort Claims Act's 12-month ante litem notice period." 308 Ga. at 213. In *Green v. Baldwin County Bd. of Commrs.*, 355 Ga. App. 120 (842 SE2d 916)

---

[3] We note that this argument applies only to the portion of the plaintiff's complaint that is asserted in her representative capacity on behalf of the minor, as her individual claim for medical expenses would not qualify for tolling under this statute. Cf. *Swallows v. Adams-Pickett*, 344 Ga. App. 647, 648 (3) (811 SE2d 445) (2018) ("the right to recover damages for a child's medical expenses vests solely in the child's parents, while the right to recover damages for pain and suffering vests in the child, not the parent") (citations and punctuation omitted).

[4] This Code section provides for a tolling of the limitation period for crime victims.

(2020), we extended the holding in *Ragsdale* to the ante litem notice period set forth in OCGA § 36-11-1 for counties and found that the period for providing ante litem notice would not be tolled by OCGA § 9-3-99, concluding that the "rationale [of *Ragsdale*] also applies here." Id. at 122 (3).[5]

Neither this Court nor the Supreme Court of Georgia have addressed whether the rationale of *Ragsdale* applies to prevent application of OCGA § 9-3-90 (b) to the ante litem notice requirement for municipalities in OCGA § 36-33-5. Indeed, the Supreme Court of Georgia expressly declined to address in *Ragsdale* "whether the ante litem notice period of OCGA § 36-33-5 is subject to . . . tolling . . . [g]iven [the] longstanding application [of tolling provisions] in actions against municipalities[.]" *Ragsdale*, 308 Ga. at 215, n.9. In light of this statement, the plaintiff contends that we should decline to apply the rationale of *Ragsdale* to OCGA § 9-3-90. She points out that the Supreme Court of Georgia has held that "[w]here a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has

---

[5] OCGA § 9-3-90, the provision for minors at issue here, is not implicated by our holding in *Green*, because the ante litem notice statute for counties expressly provides "that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." OCGA § 36-11-1. There is no comparable provision in the ante litem notice statute for municipalities. See OCGA § 36-33-5.

acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction." *Abernathy v. City of Albany*, 269 Ga. 88, 90 (495 SE2d 13) (1998). In her view, the General Assembly assumed that minors and persons with disabilities could toll the ante litem period based on longstanding law, and therefore had no need to amend the statute to provide for such a tolling. Conversely, if the General Assembly "had chosen to change the existing law, the legislature would have specifically forbidden tolling provisions."

After considering the applicable principles of stare decisis, see generally *Cook v. State*, 313 Ga. 471, 485 (3) (a) (870 SE2d 758) (2022), we conclude that *Barrett* and its progeny[6] must be disapproved because the time for filing an ante litem notice under OCGA § 36-33-5 is not subject to tolling under OCGA § 9-3-90 (b). The Supreme Court of Georgia made clear in *Ragsdale* that an ante litem notice is not a statute of limitation and that *Barrett's* holding to the contrary was implicitly overruled long ago

---

[6] The following cases recognize that the tolling provision of OCGA § 9-3-90, or one of its predecessor statutes, applies to the ante litem notice provision for municipalities and are therefore disapproved on that basis: *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000); *Jacobs v. Littleton*, 241 Ga. App. 403, 406 (3) (b) (525 SE2d 433) (1999); *Lowe v. Pue*, 150 Ga. App. 234, 236 (257 SE2d 209) (1979); *Barnum v. Martin*, 135 Ga. App. 712, 715 (2) (219 SE2d 341) (1975); and *City of Barnesville v. Powell*, 124 Ga. App. 132, 132-133 (1) (183 SE2d 55) (1971).

by its decision in *City of Chamblee v. Maxwell*, 264 Ga. 635 (452 SE2d 488) (1994). *Ragsdale*, 308 Ga. at 215. As it observed, "it is for the General Assembly to waive [the ante litem notice] requirement as it deems appropriate." *Ragsdale*, 308 Ga. at 216.[7]

2. The plaintiff contends that the trial court erred by concluding that her ante litem notice failed to comply with OCGA § 36-33-5 (e). We disagree.

A person seeking damages against a municipal corporation must give ante litem notice to the corporation "[w]ithin six months of the happening of the event upon which a claim . . . is predicated[,]" that includes "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." OCGA § 36-33-5 (b). In 2014, the General Assembly amended OCGA § 36-33-5 to add subsection (e), see Ga. L. 2014, p. 125, § 1, requiring the claimant to "include the specific amount of monetary damages being sought" for the first time. Subsection (e) further provides: "The amount of monetary damages set forth in such claim shall constitute an offer of compromise." OCGA § 36-33-5 (e). This Court has held that even if only substantial compliance is required to fulfill a claimant's obligation under

---

[7] We note that since the Supreme Court of Georgia's 2020 decision in *Ragsdale*, the General Assembly has not amended the Tort Claims Act to provide for a tolling of the ante litem notice requirement.

7

subsection (e), "a notice does not substantially comply with [it] unless a specific amount is given that would constitute an offer that could be accepted by the municipality." *Harrell v. City of Griffin*, 346 Ga. App. 635, 638 (1) (816 SE2d 738) (2018).

In *Tanks v. Nesmith*, 359 Ga. App. 596 (859 SE2d 559) (2021), this Court rejected the plaintiff's claim that an ante litem notice's statement that the "Amount of Loss Claim: $75,000, Grady Memorial Hospital bill in excess of $10,000" was an offer to settle her claim for $75,000. Id. at 597, 600. We reasoned that the notice of claim "indicates that the value of the claim is some unknown number above $75,000 because it also adds an unspecified amount in excess of $10,000 and makes no statement with regard to the total amount being sought. An unknown number above $75,000 is too indefinite to constitute a binding offer of settlement." (Citation and punctuation omitted.) Id. at 600. Accordingly, the notice failed to comply with OCGA § 36-33-5 (e). Id. See also *Davis v. City of Valdosta*, 357 Ga. App. 900, 901-902 (852 SE2d 859) (2020) (concluding that "[a]n unknown number above $50,000 is too indefinite to constitute a binding offer of settlement") (citation and punctuation omitted). Compare *Chandler*, 354 Ga. App. at 261-262 (notice providing that plaintiff

"incurred well over $100,000.00 in medical expenses to date" but noting that the plaintiff will "seek to recover $1,000,000.00" provided a specific amount of monetary damages sought).

Here, the plaintiff, "acting as parent and natural guardian" of the minor sent, a timely notice[8] stating "[t]he amount of the loss claimed is in excess of $500,000." As this is too indefinite to constitute a binding offer of settlement, her ante litem notice failed to satisfy OCGA § 36-33-5 (e), and the trial court did not err by dismissing her complaint on this ground.[9]

---

[8] The plaintiff sent an untimely "supplemental" notice that specified "[t]he amount of the loss claimed is $1,000,000." In *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019), this Court rejected an argument that an untimely amendment to an ante litem notice relates back to the date of the original notice. Id. at 297-299 (2).

[9] We find no merit in the plaintiff's argument that *Tobey v. Seaboard & Southern Constr. Co.*, 169 Ga. 104 (149 SE 914) (1929), requires a different outcome. In *Tobey*, the Supreme Court of Georgia addressed whether a contract was formed between a construction company and a navigation district and whether the navigation district was entitled to retain as liquidated damages a "certified check [accompanying the bid] in an amount not less than 5% of the total bid." Id. at 111-112. Contrary to the plaintiff's assertions, the Supreme Court of Georgia did not hold that "any amount submitted by the bidding contractor of not less than 5% of the total bid was binding on the submitting party." Instead, applying Texas law, it found that no binding contract had been created and the contractor was entitled to withdraw its bid. Id. at 108, 111.

3. The plaintiff asserts that the trial court should have concluded that the failure to include a tolling provision in OCGA § 36-33-5 "is unconstitutional because it violates due process and equal protection clauses under the state and federal constitutions." As a preliminary matter, we note that

> [f]or a constitutional issue to be reviewed by an appellate court, the constitutional objection must be raised in writing at the earliest opportunity before the trial court and then ruled upon by the trial court. After the constitutional issue has been properly raised in the trial court, the trial court must rule upon the issue; the appellate court lacks subject matter jurisdiction to decide issues never ruled upon by the trial court. Such constitutional error is waived unless ruled upon by the trial court.

(Citation and punctuation omitted.) *Brunswick Landing v. Glynn County*, 301 Ga. App. 288, 295 (4) (b) (687 SE2d 271) (2009). In this case, the plaintiff raised only an equal protection claim under the Constitution of the *United States* below, but the trial court failed to rule upon the merits of the only constitutional claim raised by the plaintiff.[10] Instead, it addressed whether the ante litem notice statute violated the equal protection provisions of the Constitution of the *State of Georgia*. Accordingly, we

---

[10] The plaintiff does not assert on appeal that the trial court erred by failing to rule upon the only constitutional question asserted below.

10

cannot consider the merits of the constitutional claims raised by the plaintiff in this appeal.

Additionally, the plaintiff asserts for the first time in a supplemental reply brief that the trial court erred by concluding that she lacked standing to assert these constitutional claims, but she did not assert that this ruling was error in her initial brief to this Court. While Court of Appeals Rule 27 (a) permits the filing of a supplemental brief with leave of this Court, a supplemental brief "is not a means by which a party may circumvent the requirement that enumerations of error be timely submitted." (Citation and punctuation omitted.) *Dallow v. Dallow*, 299 Ga. 762, 779 (6) (791 SE2d 20) (2016). Accordingly, we will not consider the standing ruling raised for the first time in the plaintiff's supplemental brief.[11] See *State v. Crossen*, 328 Ga. App. 198, 203 (761 SE2d 596) (2014) ("Attempts in a supplemental brief to expand the issues

---

[11] We acknowledge that after the Supreme Court of Georgia transferred this case back to this Court, we granted the City's motion to file a supplemental brief to address the constitutional claims brought by the plaintiff, as well as the plaintiff's motion to file a reply brief to the City's supplemental brief. Our decision to allow supplemental briefing did not, however, authorize the plaintiff to expand her enumerations of error beyond those in her original brief.

beyond the scope of the enumeration of errors are improper.") (citation and punctuation omitted).

The plaintiff's failure to properly contest the trial court's standing ruling also provides an alternative basis to affirm the trial court's rejection of her claim that OCGA § 36-33-5 violates the equal protection provisions of the Georgia Constitution. "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment." (Citation and punctuation omitted.) *Brown v. Fokes Properties*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008). See also *Marques v. JP Morgan Chase Bank*, 370 Ga. App. 305, 310 (3) (b) (896 SE2d 1) (2023) (applying principle to granted motion to dismiss).

*Judgment affirmed. Dillard, P. J., and Padgett, J., concur.*