NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: June 10, 2025

S24G1246.  DATES et al. v. CITY OF ATLANTA.

MCMILLIAN, Justice.

Kierra Dates filed an action against the City of Atlanta ("the City") after her minor son was injured on City property. Prior to filing suit and within the time required by law, Dates sent an ante litem notice to the City, see OCGA § 36-33-5 ("municipal ante litem notice statute"), claiming a loss in a nonspecific amount. She later provided a supplemental ante litem notice outside the time required by statute claiming a loss of $1,000,000. After the trial court dismissed Dates's complaint for failure to comply with the requirements of the municipal ante litem notice statute, Dates appealed. The Court of Appeals affirmed. The court held that Dates's first notice was not specific enough to satisfy the municipal ante litem notice statute. It also held that Dates's second notice was

untimely because the tolling provision for actions brought by minors did not apply to municipal ante litem notices. See OCGA § 9-3-90 (b). We granted certiorari to consider whether the tolling provision for actions brought by minors applies to the municipal ante litem notice statute[1] and conclude that the Court of Appeals correctly determined that the minor tolling provision does not apply to OCGA § 36-33-5.

1. On June 1, 2020, Dates's eight-year-old son, J. D., was playing at Howell Park – owned by the City – when a rotten tree branch fell and injured his leg. On June 12, 2020, Dates sent an ante litem notice to the City, advising it of her intent to assert a claim and stating that "[t]he amount of the loss claimed is in excess of $500,000." Over a year later, on July 9, 2021, Dates sent a supplemental ante litem notice stating that "[t]he amount of the loss claimed is $1,000,000." Dates then filed her complaint on November

---

[1] In granting certiorari, we posed the following question: Is the time for filing an ante litem notice under OCGA § 36-33-5 subject to tolling under OCGA § 9-3-90 (b), such that the plaintiff's supplemental ante litem notice was timely? Oral argument was held on May 14, 2025.

23, 2021.

The City moved to dismiss, arguing that Dates's first notice did not comply with the specificity requirements of the municipal ante litem notice statute, OCGA § 36-33-5 (e),[2] and that her second notice was untimely under OCGA § 36-33-5 (b).[3] In opposition to the motion, Dates asserted, in part, that the time limit to submit an ante litem notice should be tolled under OCGA § 9-3-90 (b)[4] – because her son was a minor at the time of the incident – and that, accordingly,

---

[2] OCGA § 36-33-5 (e) provides, in relevant part: "The description of the extent of the injury required in subsection (b) of this Code section shall include the *specific amount* of monetary damages being sought from the municipal corporation. . . ." (Emphasis added.)

[3] OCGA § 36-33-5 (b) provides:

Within *six months* of the happening of the event upon which a claim against a municipal corporation is predicated, the person . . . having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

(Emphasis added.)

[4] OCGA § 9-3-90 (b) provides, in relevant part: "[I]ndividuals who are less than 18 years of age when a cause of action accrues shall be entitled to the same time after he or she reaches the age of 18 years to bring an action as is prescribed for other persons."

3

her supplemental notice complied with the timing requirements of the statute.

On September 29, 2022, the trial court granted the City's motion to dismiss, concluding that Dates's first ante litem notice failed to state the amount sought with sufficient specificity and that the amendment could not correct the defect because it was untimely; Dates appealed.

The Court of Appeals affirmed the trial court's decision, holding, in relevant part, that the time for filing an ante litem notice under OCGA § 36-33-5 is not subject to tolling under OCGA § 9-3-90 (b), relying primarily on *Dept. of Public Safety v. Ragsdale*, 308 Ga. 210 (839 SE2d 541) (2020). See *Dates v. City of Atlanta*, 371 Ga. App. 824, 825 (1) (903 SE2d 289) (2024). In *Ragsdale*, this Court concluded that "[a]s the ante litem notice requirement of [the Georgia Tort Claims Act,] OCGA § 50-21-26[,] is not a statute of limitation, the Code's statutory tolling provisions, such as OCGA § 9-3-99, do not apply to the Tort Claims Act's 12-month ante litem notice period." 308 Ga. at 213. The Court of Appeals then extended

4

the "rationale" of *Ragsdale* to OCGA § 36-33-5.[5] See *Dates*, 371 Ga. App. at 825-26 (1).

In so doing, the Court of Appeals disapproved a number of its cases in which it had held that an ante litem notice is a statute of limitations that is subject to tolling, noting that in *Ragsdale*, this Court clarified "that an ante litem notice is not a statute of limitation and that *Barrett*'s holding [a Court of Appeals's decision] to the contrary was implicitly overruled long ago by its decision in *City of Chamblee v. Maxwell*, 264 Ga. 635 (452 SE2d 488) (1994)."[6] *Dates*, 371 Ga. App. at 826 (1).

2. In considering whether the time for presenting an ante litem notice under OCGA § 36-33-5 can be tolled under the minor tolling

---

[5] Although it is true that, in *Ragsdale*, we declined to resolve the question of whether OCGA § 36-33-5 is subject to tolling, we explained that we did so because that issue "[was] not before us" and that "we leave that question to a case that squarely presents it." Id. at 215 n.9.

[6] The Court of Appeals disapproved of *Carter v. Glenn,* 243 Ga. App. 544 (533 SE2d 109) (2000); *Jacobs v. Littleton*, 241 Ga. App. 403 (525 SE2d 433) (1999); *Lowe v. Pue*, 150 Ga. App. 234 (257 SE2d 209) (1979); *Barnum v. Martin*, 135 Ga. App. 712 (219 SE2d 341) (1975); and *City of Barnesville v. Powell*, 124 Ga. App. 132 (183 SE2d 55) (1971). See *Dates*, 371 Ga. App. at 826 (1) n.6.

provision, OCGA § 9-3-90,[7] we start by analyzing the text of the relevant statutes. "When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (cleaned up). "To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." Id. at 172-73 (1) (a) (cleaned up).

With these basic principles in mind, we turn to the text of the municipal ante litem notice statute. The plain language of OCGA § 36-33-5 (b) says that an injured party should provide notice to a municipality "[w]ithin six months of the happening of the event upon which a claim against a municipal corporation is predicated."

---

[7] We note that we did not grant certiorari as to whether Dates's first ante litem notice – claiming an amount of loss "in excess of $500,000" – complied with the requirements of OCGA § 36-33-5 (e). Thus, in analyzing the tolling issue on review before us, we will assume without deciding that Dates's first notice was ineffective.

Nothing in the statute addresses whether any tolling provision applies to extend the time to present a claim to a municipality.

This absence is particularly notable when the municipal ante litem notice statute is considered in its relevant context. Another statute within the same title of the Georgia Code ("Local Government") – OCGA § 36-11-1 – governs the ante litem notice requirement for losses involving counties. The county ante litem statute explicitly provides: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that *minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims*." (Emphasis added.) This shows that the General Assembly knows how to carve out an ante litem notice exception for minors, yet it chose not to do so in the municipal ante litem notice statute. See *State v. Wierson*, --- Ga. ---, --- (2) (a) (--- SE2d ---) (2025) (considering the insanity-defense statutes' relevant contexts and noting that the General Assembly chose to include explicit exceptions in other adjacent code sections but did

7

not do so for the insanity-defense statutes). And as we have recently explained, "[g]enerally, when two statutes deal with the same subject matter, are grouped together, and use largely the same language, but one includes an additional provision that the other does not, this is strong evidence that the omission was intentional." Id. at --- (2) (a). This textual difference supports a conclusion that the minor tolling provision does not apply to OCGA § 36-33-5.

The other relevant statute – the minor tolling provision in OCGA § 9-3-90 – also does not say whether it applies to ante litem notice requirements like OCGA § 36-33-5. OCGA § 9-3-90 (b) states:

> Except as otherwise provided in Code Section 9-3-33.1 [relating to childhood sexual abuse claims], individuals who are less than 18 years of age when a cause of action accrues shall be entitled to the same time after he or she reaches the age of 18 years to bring an action as is prescribed for other persons.

Dates argues that subsection (b) refers to extending the time for minors to "bring an action" to after the minor reaches the age of 18 such that the minor "shall be entitled to the same time . . . as is prescribed for other persons." And under OCGA § 36-33-5 (b), "[n]o action shall be entertained . . . until the cause of action therein has

8

first been presented." So it can be argued that the presentment requirement is a condition precedent to "bring[ing] an action" such that the tolling statute should apply.

However, we note that OCGA § 9-3-90 (b) refers to extending the time for "bring[ing] an action" and OCGA § 36-33-5 addresses when an action "shall be entertained." This distinction suggests that tolling refers to the individual's time to bring the action, whereas the municipal ante litem notice statute addresses when a court can "entertain" an action. These distinct terms support the conclusion that the minor tolling statute and the municipal ante litem notice statute involve different parts of the litigation process, such that the minor tolling statute does not apply to the municipal ante litem notice statute.

*Ragsdale* is instructive on how to resolve this textual question. In *Ragsdale*, we considered whether the time for filing an ante litem notice under the Georgia Tort Claims Act, OCGA § 50-21-26 (a) (1), was subject to tolling under OCGA § 9-3-99, which provides for tolling of "[t]he running of the period of limitations" when the tort

9

arises from a crime. 308 Ga. at 211. We explained that the statutory reference to "the period of limitations" was to statutes of limitations and that ante litem notice provisions act as a "condition precedent" for bringing suit, rather than as a statute of limitations subject to tolling under the criminal tolling statute. Id. at 212 (relying on *Maxwell*, 264 Ga. at 636, where we held that the municipal ante litem notice statute is a "condition precedent to bringing suit against a municipal corporation" and "not itself a six-month statute of limitations").

In addition, we pointed out that "[t]he General Assembly could have expressly provided for such tolling, as it did . . . in the case of the ante litem notice requirement applicable to actions against counties, but it did not do so. Compare OCGA § 36-11-1." *Ragsdale*, 308 Ga. at 213. And we rejected Ragsdale's argument that the General Assembly acquiesced in a long line of Court of Appeals cases holding that the tolling statutes apply to ante litem notice requirements. Id. at 215. Ultimately, we concluded that because OCGA § 9-3-99, by its own terms, only applied to toll statutes of

limitations, "the time for filing an ante litem notice under OCGA § 50-21-26 (a) (1) is not subject to tolling under OCGA § 9-3-99." Id. at 215.

We follow the reasoning in *Ragsdale* to reach a similar conclusion in this case. The minor tolling provision, OCGA § 9-3-90 (b), refers to extending the "time . . . to bring an action." In *Ragsdale* we explained that "[a] statute of limitation has as its purpose the limiting of the time period in which an action may be brought" and described it "as a rule limiting the time in which a party may bring an action for a right which has already accrued." *Ragsdale*, 308 Ga. at 211-12. Thus, we conclude that OCGA § 9-3-90 (b)'s extension of the "time . . . to bring an action" is referring to tolling statutes of limitations. Because we have held in *Maxwell*, 264 Ga. at 636, that OCGA § 36-33-5 is not a statute of limitations but rather a condition precedent to bringing an action, it follows that OCGA § 9-3-90 (b) does not apply to toll the time in which a minor must provide an ante

11

litem notice to a municipality.[8] See *Ragsdale*, 308 Ga. at 213 ("As the ante litem notice requirement of OCGA § 50-21-26 is not a statute of limitation, the Code's statutory tolling provisions, such as OCGA § 9-3-99, do not apply to the Tort Claims Act's 12-month ante litem notice period."). Because Dates's supplemental ante litem notice was untimely and was not tolled by the minor tolling provision, we conclude that the Court of Appeals did not err in affirming the dismissal of the case.

*Judgment affirmed. Peterson, CJ, Warren, PJ, and Bethel, Ellington, LaGrua, Colvin, and Pinson, JJ, concur.*

---

[8] Dates also argues that because the General Assembly acquiesced by inaction to the "settled construction" in Court of Appeals's decisions that have long applied the tolling statutes to OCGA § 36-33-5, we should also follow those now-overruled Court of Appeals decisions. A similar argument was made and rejected in *Ragsdale*, and we reject Dates's arguments here for the same reasons. See *Ragsdale*, 308 Ga. at 215 & n.8 (Court of Appeals's decisions in contravention of *Maxwell*, which "implicitly disapproved *Barrett*'s conclusion that an ante litem notice requirement is a statute of limitation," "ha[ve] not, by any stretch, become a settled construction of OCGA § 51-21-26 (a)").